SIERRA CLUB and Defenders of
Wildlife, Plaintiffs,

v.

William P. CLARK as Secretary of the
Interior, and The Department of
Interior, Defendants.

The FUND FOR ANIMALS, INC., Friends
of Animals and Their Environment,
Wild Canid Research and Survival Cen-
ter, Wildlife Education Program for a
Living Future, North American Wild-
life Park Foundation, Inc., Sierra Club,
Help Our Wolves Live, Inc., Interna-
tional Fund for Animal Welfare, De-
fenders of Wildlife, Animal Welfare In-
stitute, Humane Society of the United
States, Friends of the Boundary Waters
Wilderness, International Ecology Soci-
ety, Animal Rights Coalition, and Na-
tional Audubon Society, Plaintiffs,

v.

William P. CLARK as Secretary of the
Interior, G. Ray Arnett as Assistant
Secretary for Fish and Wildlife and
Parks, Robert A. Jantzen as Director,
United States Fish and Wildlife Service,
Harvey K. Nelson as Regional Director,
United States Fish and Wildlife Service,
The Department of Interior and The
United States of America, Defendants.

Civ. Nos. 5–83–254, 5–78–66.

United States District Court,
D. Minnesota,
Fifth Division.

May 2, 1985.

Brian B. O'Neill and Amy B. Bromberg,
Faegre & Benson, Minneapolis, Minn., for
plaintiffs.

James M. Rosenbaum, U.S. Atty. by Jon
M. Hopeman, Asst. U.S. Atty., Minneapolis,
Minn., for defendants.

## CONSENT DECREE AND ORDER FOR JUDGMENT

MILES W. LORD, Chief Judge.

On January 5, 1984, this court granted
plaintiffs' motion for summary judgment,
thereby preventing the implementation of
new government regulations allowing a
sport season on the Minnesota gray wolf.
In addition, the court blocked the imple-
mentation of new federal regulations pub-
lished August 10, 1983, 48 Fed.Reg. 36256,
expanding the current livestock depreda-
tion control program. *Sierra Club and
Defenders of Wildlife v. Clark,* 577
F.Supp. 783 (D.Minn.1984).

On February 19, 1985, the United States
Court of Appeals for the Eighth Circuit
affirmed this court's decision on the illegal-
ity of the sport season but remanded for
further consideration this court's conclu-
sion as to the regulations involving depre-
dation control. *Sierra Club and Defend-*

738

*ers of Wildlife v. Clark*, 755 F.2d 608 (8th Cir.1985).

After a hearing on May 2, 1985, upon the consent of the parties, and after being fully advised in the premises, the court hereby orders that the defendants amend their regulations to prohibit:

1. With regard to their depredation control program, the defendants from trapping and killing Minnesota gray wolves in Minnesota or authorizing others to do so, except when such action is necessary and is directed to the removal from a farm, ranch, or other privately owned lands of a specific wolf or wolves when reasonable cause exists to believe that said wolf or wolves have committed a significant depredation upon domestic animals lawfully present in said areas. Any such trapping or killing shall be done in a humane manner. Any young of the year trapped on or before August 1 of any year shall not be killed but shall be released.

2. With regard to the depredation control program, the defendants from trapping and killing Minnesota gray wolves on public lands in Minnesota or authorizing others to do so, save and except for that portion of public lands that immediately border and abut upon such privately owned lands, for a distance not to exceed one-half mile from said border, upon which said significant depredation has occurred.

3. The sale or export in interstate or international commerce of Minnesota gray wolves.

There is no just reason for delay. Let judgment be entered accordingly.